[Cite as *State v. Bowling*, 2011-Ohio-5279.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   96616

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DANIEL BOWLING

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case CR-502781

**BEFORE:**   Boyle, P.J., Rocco, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   October 13, 2011

**ATTORNEY FOR APPELLANT**

Catherine M.   Brady
4417 West 189th Street
Cleveland, Ohio   44135

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Brett Kyker
        Thorin O.   Freeman
Assistant County Prosecutors
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

**{¶ 1}** Defendant-appellant, Daniel Bowling, appeals his sentence.   He argues that the trial court failed to properly merge his drug trafficking and drug possession convictions upon remand from this court.   We find no merit to his arguments and affirm.

**{¶ 2}** In March 2009, the trial court sentenced Bowling to two years of community control sanctions.   As part of the conditions of his community control, Bowling was to perform 40 hours of community work service, submit to random drug

testing, attend two AA meetings per week, maintain part-time employment or apply for employment weekly, and resolve child support arrearages.

**{¶ 3}** Bowling appealed his convictions and sentence. This court upheld his convictions, but reversed his sentence because the trial court failed to merge his convictions. See *State v. Bowling*, 8th Dist. No. 93052, 2010-Ohio-3595.

**{¶ 4}** The trial court held a resentencing hearing. It determined that Bowling had complied with all of the conditions of his previously ordered community control sanctions. It then resentenced him to two years of community control sanctions, gave him credit for time served, and concluded that he had completed his sentence. The trial court also found Bowling indigent and waived costs and supervision fees.

**{¶ 5}** Bowling now argues that the trial court "used a concurrent sentencing strategy," sentencing him to two six-month prison terms for drug possession and drug trafficking. We agree with Bowling that it is plain error for a trial court to sentence a defendant to concurrent sentences rather than merge them as allied offenses. But that is not what the trial court did here.

**{¶ 6}** At the sentencing hearing, following this court's decision in *State v. White*, 8th Dist. No. 92972, 2010-Ohio-2342, the trial court sentenced Bowling to six months on drug possession, and then ordered that it be merged into the sentence for drug trafficking, which was two years of community-control sanctions.

**{¶ 7}** In *White*, this court explained:

{¶ 8}   "When there has been a guilty finding on an allied offense, the sentencing judge must comply with Crim.R. 32(C) by announcing a sentence on all counts for which the defendant has been found guilty, including the allied offense.   It must then allow the state to elect on which of the two allied offenses it wishes to proceed.   The court must clearly note the election both in court at the time of sentencing and in its judgment of conviction.   It must further state that the sentence on the non-elected count has been 'merged' into the elected count pursuant to R.C. 2941.25.   By announcing a sentence for the allied offense, the court will comply with Crim.R. 32(C).   By merging the sentence for the non-elected allied offense into the elected offense, the court will comply with R.C. 2941.25."

{¶ 9}   In its sentencing entry, however, the trial court stated:

{¶ 10}   "Deft could be sentenced to a term of 6 months on Count 2.   Count 1 is merged into Count 2 for purposes of sentencing and deft will only be sentenced on 1 count."

{¶ 11}   While we find the trial court's language — that Bowling "could be" sentenced to six months in prison for drug possession — perplexing, we nevertheless find no error since the trial court only sentenced Bowling to two years of community control sanctions for drug trafficking.   We further disagree with Bowling that the trial court incorrectly merged drug trafficking into drug possession.   The trial court clearly stated

— at both the sentencing hearing and in the sentencing entry — that it was merging drug possession (Count 1) into drug trafficking (Count 2).

{¶ 12} Accordingly, Bowling's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
KATHLEEN ANN KEOUGH, J., CONCUR